## IN THE  UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LINDA L. CHARLES, Administratrix   :
of the  ESTATE OF ROBERT CHARLES,   :
Deceased,   :
  :
     Plaintiffs   :
  :   JURY TRIAL DEMANDED
vs.   :
  :
GGNSC TUNKHANNOCK, LP   :
d/b/a GOLDEN LIVING CENTER -   :
TUNKHANNOCK, GGNSC   :
TUNKHANNOCK GP, LLC,   :
  :
     Defendants   :   No. _____

### <u>NOTICE</u>

You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LEGAL SERVICES OF NORTHEAST PENNA., INC.
410 Bicentennial Building
15 Public Square
Wilkes-Barre, Pa 18701
(570) 825-8567

LACKAWANNA COUNTY LEGAL AID & DEFENDER ASSOC.

Scranton Electric Building
Linden Street, Suite 200
Scranton, PA  18503
(570) 342-0184

NORTH PENN LEGAL SERVICES, INC.

65 E. Elizabeth Avenue
Suite 903
Bethlehem, PA  18018
(570) 317-8757

## ADVISO

A USTED SE LE HA DEMANDADO EN LA CORTE. Si usted quiere defenderse contra la demanda expuesta en las siguientes paginas, tiene que tomar accion en un plazo de veinte (20) dias despues que reciba esta demanda y aviso, por presentar una notificacion de comparecencia escrita personalmente o por un abogado y radicar por escrito en la Corte sus defensas u objeciones a las demandas presentadas en su contra. Se le advierte que si falla en hacerlo, el caso podria seguir adelante sin usted y un fallo podria ser dictado en su contra por la Corte sin previo aviso por cualqier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio pedido por el/la demandante. Puede que usted pierda dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATA-MENTE. SI NO TIENE ABOGADO, DIRIJASE O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ABAJO. ESTA OFICINA PUEDE PROVEERLE CON INFORMACION SOBRE COMO CONTRATAR UN ABOGADO.
SI NO TIENE LOS FONDOS SUFICIENTES PARA CONTRATAR UN ABOGADO, ESTA OFICINA PODRIA PROPORCIONABLE. INFORMACION ACERCA DE AGENCIAS QUE PUEDAN OFRECERLES SERVICIOS LEGALES A PERSONAS QUE REUNAN LOS REQEQUISITOS A UN HONORARIO REDUCIDO O GRATIS.

| | |
|---|---|
| North Penn<br>Legal Services, Inc.<br>33 N. Main Street<br>Suite 200<br>Pittston, PA 18640<br>(570) 299-4100<br>(877) 953-4250 Toll free<br>(570) 824-0001 Fax | Servicios Legales de<br>North Penn, Inc.<br>33 la Calle Main del Norte<br>Oficina 200<br>Pittston, PA 18640<br>(570) 299-4100<br>(877) 953-4250 Llamada gratuita<br>(570) 824-0001 Fax |
| 101 West Broad Street<br>Suite 513<br>Hazleton, PA 18201<br>(570) 455-9512<br>(877) 953-4250 Toll free<br>(570) 455-3625 Fax | 101 la Calle Broad del Oeste<br>Oficina 513<br>Hazleton, PA 18201<br>(570) 455-9512<br>(877) 953-4250 Llamada gratuita<br>(570) 455-3625 Fax |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LINDA L. CHARLES, Administratrix : 
of the ESTATE OF ROBERT CHARLES, :
Deceased, :
                      :
            Plaintiffs :
                      :    JURY TRIAL DEMANDED
vs. :
                      :
GGNSC TUNKHANNOCK, LP :
d/b/a GOLDEN LIVING CENTER - :
TUNKHANNOCK, GGNSC :
TUNKHANNOCK GP, LLC, :
                      :
            Defendants :    No. _____

## COMPLAINT

The Plaintiff, Linda L. Charles, Administratrix of the Estate of Robert Charles, Deceased, by and through his counsel, Anzalone Law Offices, hereby complains against the above-captioned Defendants and sets forth the following in support thereof:

## NATURE OF THE CASE

1.     This medical malpractice case involves the failure to prevent, identify, diagnose and treat a large, Stage IV, infected decubitus ulceration on the sacrum of the Decedent, Robert Charles, who was an 61 year-old

patient admitted to Golden Living Center – Tunkhannock on December 22, 2015. While at Golden Living Center – Tunkhannock, the Decedent, Robert Charles, was subjected to multiple deficiencies in skilled nursing care that led to him sustaining a large, painful and infected Stage IV decubitus ulceration on his sacrum that required multiple debridements, wound VAC, antibiotics and long term acute care. The Defendants negligently and carelessly failed to assess and report changes in Robert Charles's integumentary status, mobility and nutrition that led to the deterioration of his health and caused Robert Charles severe pain, suffering and humiliation. As a result of the Defendants' continued neglect in failing to prevent, report, diagnose and/or treat his pressure ulcer, Robert Charles required extensive medical care and treatment, including hospitalization, prior to his death on May 17, 2016.

## THE PARTIES

2.     The Plaintiff, Linda L. Charles, is an adult individual and citizen of the Commonwealth of Pennsylvania who resides and is domiciled at 370 Charles Road, Apartment 1, Montrose, Susquehanna County, Pennsylvania 18801.

3.     The Plaintiff, Linda L. Charles, is the widow of the Decedent, Robert Charles, and was duly appointed Administratrix of the Estate of

2

Robert Charles, Deceased, by the Register of Wills of Susquehanna County on August 12, 2016 to Susquehanna County Register of Wills File No. 5816-0177.

4.     The Defendant, GGNSC Tunkhannock, LP, d/b/a Golden Living Center - Tunkhannock, hereinafter referred to as "Golden Living - Tunkhannock" is a limited partnership organized and existing under the laws of the state of Delaware with a business address located at 30 Virginia Drive, Tunkhannock, Wyoming County, Pennsylvania 18657.

5.     The Defendant, GGNSC Tunkhannock GP, LLC is the general partner of the Defendant, Golden Living - Tunkhannock, and is a limited liability company formed and existing under the laws of the state of Delaware with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  (Hereinafter Defendant, Golden Living – Tunkhannock, and Defendant, GGNSC Tunkhannock GP, LLC, will be referred to collectively as "Defendants.")

## JURISDICTION AND VENUE

6.     Defendant, GGNSC Tunkhannock, LP, d/b/a Golden Living Center – Tunkhannock, is a limited partnership.  Its sole general partner is Defendant, GGNSC Tunkhannock GP, LLC.  Its sole limited partner is GGNSC Equity Holdings, LLC.  Per the citizenship of its partners,

3

Defendant, GGNSC Tunkhannock, LP d/b/a Golden Living Center –

Tunkhannock, is a citizen of Delaware and California for diversity purposes.

7.      Defendant, GGNSC Tunkhannock GP, LLC, is a limited

liability company.  Its sole member is GGNSC Equity Holdings, LLC.  Per

the citizenship of its sole member, Defendant, GGNSC Tunkhannock GP,

LLC is a citizen of Delaware and California for diversity purposes.

8.      Subject matter jurisdiction exists under 28 U.S.C. § 1332

because the Plaintiff, Linda L. Charles, Administratrix of the Estate of

Robert Charles, and the Defendants are citizens of different states and the

amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9.      This Court has jurisdiction over the Defendants because the

Defendants maintain significant contacts in the Middle District of

Pennsylvania, and they continually and regularly conduct business in

multiple counties in the Middle District of Pennsylvania, thereby making

venue proper in this district under 28 U.S.C.A. §§ 1391(b)(2) and 1441(a).

10.      In addition, venue is proper in this District pursuant to 28

U.S.C.A. § 1391(b)(2) because the facts giving rise to this suit occurred in

Tunkhannock, Wyoming County, which is in the Middle District of

Pennsylvania.

## BACKGROUND

11.     The Defendants operate a skilled nursing facility located at 30 Virginia Drive, Tunkhannock, Wyoming County, Pennsylvania 18657 that offers short-term nursing care as well as long-term nursing home care and more intensive clinical services.

12.     According to Golden Living – Tunkhannock's website:

> Individual attention begins as soon as you are admitted, and we consult with you regularly to discuss ongoing needs and goals. Also, our certified nursing assistants are available around the clock, every day of the year – to provide medical care or simply to help you perform routine activities.  Our approach to clinical healthcare emphasizes teamwork between all members of our staff – nurses, dieticians, social workers, activity coordinators – and each employee plays a key role in your treatment plan.

See www.goldenlivingcenters.com/locations-staff/find-care-locations.com.

13.     The Defendant, Golden Living - Tunkhannock, is a "health care provider" as such term is defined by the Medical Care Availability and Reduction of Error (MCARE) Act, and is a business entity providing comprehensive nursing care services under the laws of the Commonwealth of Pennsylvania and maintains offices and/or a place of business at 30 Virginia Drive, Tunkhannock, Wyoming County, Pennsylvania 18657.

14.     The Plaintiff, Linda L. Charles, Administratrix of the Estate of Robert Charles, is asserting a professional liability claim against the

Defendants.

15.    At all times material hereto, the Defendants, and in particular,
Defendant, Golden Living Center - Tunkhannock, acted individually and by
and through its agents, servants, workers, ostensible agents, and employees,
including its nurses.

16.    At all times material hereto, the Defendants employed staff
members, agents, ostensible agents and employees, including skilled nurses,
who were acting within the course and scope of their employment and/or
agency with the Defendants, with regard to the Plaintiff's claims herein.

17.    At all times material hereto, the agents and employees of the
Defendants, more specifically, the skilled nurses at Golden Living -
Tunkhannock, acted in furtherance of the business interests of the
Defendants.

18.    At all times material hereto, the Defendants held themselves out
as a medical care provider equipped with staff to provide skilled nursing to
Robert Charles as a resident of an assisted-living facility, including the
ability to care for the medical conditions from which the Decedent, Robert
Charles, suffered, specifically, respiratory failure requiring tracheostomy,
peripheral neuropathy, heart disease, heart failure, end stage renal disease
with hemodialysis, diabetes mellitus, anxiety disorder and hypothyroidism.

19.    Additionally, the Defendants held themselves out as a medical care provider equipped with staff appropriately trained to assess the integumentary systems of a patient with limited mobility and co-morbidities that increase the likelihood of pressure sores, and specializing in pressure sore prevention and treatment. In fact, the Defendant's website indicates that the skilled services offered at Golden Living – Tunkhannock include: pain management, continence management, dialysis care, wound care, licensed nursing, physical therapy, diabetes management, etc.  See www.goldenlivingcenters.com/locations-staff/find-care-location/facility-services/golden-livingcenter-tunkhannock-pa.aspx.

## **FACTS**

20.    On December 22, 2015, the Decedent, Robert Charles, by and through his wife, Linda L. Charles, was admitted to Golden Living - Tunkhannock, located at 30 Virginia Drive, Tunkhannock, Wyoming County, Pennsylvania 18657.

21.    Upon admission to Golden Living - Tunkhannock, the Decedent, Robert Charles, had the following diagnoses:

(a)    Respiratory failure requiring tracheostomy;

(b)    Heart failure;

(c)    Heart disease;

7

    (d)     Peripheral neuropathy;

    (e)     End stage renal disease with hemodialysis;

    (f)     Diabetes mellitus;

    (g)    Hypothyroidism; and,

    (h)    Depression and anxiety.

22.    Prior to his admission to Golden Living – Tunkhannock, the Decedent, Robert Charles, was hospitalized at Moses Taylor Hospital with complaints of right-sided abdominal pain requiring colectomy and ileostomy.  He remained inpatient at Moses Taylor Hospital from October 31, 2015 through November 17, 2015.

23.    At that time, the Decedent, Robert Charles, was discharged to Post Acute Medical Specialty Hospital of Scranton, a long term acute care center for rehabilitation and ventilator weaning.

24.    Thereafter, on December 22, 2015, the Decedent, Robert Charles, was admitted to Golden Living – Tunkhannock with the above-stated diagnoses.

25.    The Decedent's History & Physical upon admission to Golden Living - Tunkhannock, noted that he had a deep tissue injury to his right heel, and that the nursing staff reported "some breakdown on buttocks."

26.    The Decedent's, Robert Charles's, nursing admission

assessment upon admission to Golden Living – Tunkhannock on December 22, 2015, documented several areas of skin breakdown by size in centimeters, including:

      (a)    On right buttock, a deep tissue injury purple in color and measuring 2x4x0;

      (b)    On right buttock, a deep tissue injury purple in color and measuring 2x3x0;

      (c)    On right buttock, a deep tissue injury purple in color and measuring 0.3x0.2x0;

      (d)    On sacrum, a red, nonblanchable/Stage I area; and,

      (e)    On right heel, a deep tissue injury that is purple/mushy and measuring 2x4x0.

27.    The plan of care as recommended by the Defendant's staff physician at this time was to apply skin prep and duoderm to the Decedent's, Robert Charles's, right heel.

28.    Notably, there was no plan of care recommended by the Defendant's staff physician for pressure sore prevention for the Decedent's, Robert Charles's, buttocks.

29.    The Decedent's, Robert Charles's, orders upon admission to Golden Living – Tunkhannock included: pressure redistributing mattress; a

bed and chair alarm; barrier cream; turn and reposition every two hours; and head of bed to remain at less than or equal to 35 degrees.

30.    Upon admission to Golden Living – Tunkhannock, the Decedent, Robert Charles, was noted to require total care with regard to walking and transfer because of his mobility issues.

31.    During his residence at Golden Living – Tunkhannock, the Decedent, Robert Charles required medical care including, but not limited to, the following:

    (a)    Incontinence program for both bowel and bladder;

    (b)    Blood pressure monitoring;

    (c)    Mediation administration and monitoring;

    (d)    Insulin injections;

    (e)    Fluid restrictions;

    (f)    Safety precautions;

    (g)    Changing colostomy bag and wafer;

    (h)    Changing dressing to peg site daily;

    (i)    Assistance with trach tube; and,

    (j)    Preventative measures for alteration in skin integrity.

32.    Throughout the course of his residence at Golden Living - Tunkhannock, the Decedent, Robert Charles, required skilled nursing, as

ordered by his Primary Care Physician, Dr. Susan Russell.

33.     Despite his extensive need for skilled nursing services, and his increased risk for skin breakdown, the Defendants failed to use in any consistent manner interventions that would protect the Decedent, Robert Charles, from developing skin ulcerations.

34.     In fact, despite developing and exhibiting changes in his skin condition while a resident at Golden Living – Tunkhannock, the Defendants failed to appropriately assess the Decedent's, Robert Charles's, integumentary system and take proper interventions.

35.     The Defendants failed to use the following interventions, which constitute the nursing standard of care with a patient such as the Decedent, Robert Charles:

    (a)     Weekly skin inspections;

    (b)     Nutritional supplements and hydration support;

    (c)     Specialty mattress to reduce pressure on bilateral buttocks and heels;

    (d)     Thorough skincare after incontinent episodes and use of barrier cream;

    (e)     Incontinence management;

    (f)     Use of Prevalon boots; and,

11

(g)     Turning and repositioning every 2 hours.

36.     The Defendants failed to properly utilize the Braden scale to accurately reflect the Decedent's, Robert Charles's, integumentary status and indicate that more preventative measures were needed.

37.     The Defendants failed to take into consideration the Decedent's, Robert Charles's, comorbidities, including but not limited to, diabetes mellitus, and mobility deficits as increasing his risk for skin breakdown.

38.     The Defendants failed to assign a wound care team to follow the Decedent's, Robert Charles's, deep tissue injuries as noted upon his admission to Golden Living – Tunkhannock.

39.     The Defendants increased the likelihood of the Decedent, Robert Charles, developing pressure sores on his sacrum by maintaining his positioning on his back, and not repositioning him to relieve pressure from his sacral area.

40.     The Defendants increased the likelihood of the Decedent, Robert Charles, developing pressure sores by utilizing a plastic bed alarm pad which increased the pressure points on his buttocks that were already noted by the Defendants' staff to have been compromised.

41.     From his admission to Golden Living - Tunkhannock on

December 22, 2015, the Decedent, Robert Charles, was noted to have a deep tissue injury to his sacrum and heels, which worsened due to the Defendants' failure to utilize the appropriate interventions for wound care until the Decedent's discharge to Moses Taylor Hospital on January 7, 2016.

42.    The Defendants' records are devoid of any wound care treatment and follow-up with regard to the Decedent's, Robert Charles's, deep tissue injuries to his buttocks and heels.

43.    On January 7, 2016, the Decedent, Robert Charles, was admitted to Moses Taylor Hospital due to his pressure ulcers and cellulitis.

44.    Upon presentation to Moses Taylor Hospital on January 7, 2016, the Decedent, Robert Charles, presented with severe pain in the sacral area, and his wounds were debrided.

45.    The Decedent's, Robert Charles's, pressure ulcer in the sacral region was diagnosed as Stage IV upon admission to Moses Taylor Hospital on January 7, 2016.

46.    The Decedent, Robert Charles, was started on IV vancomycin and Zosyn, and narcotics for pain.

47.    The Decedent, Robert Charles, was found by the staff at Moses Taylor Hospital to have altered mental status, and his blood cultures revealed Klebsiella, and his wound cultures were growing a variety of

13

organisms including MRSA, VRE and some gram negative bacteria.

48.     Despite there being minimal notation regarding care and treatment of Decedent's sacral ulcer in the Defendants' Progress Notes, upon his admission to Moses Taylor Hospital on January 7, 2016 there is notation of a Stage IV pressure ulcer on the Decedent's, Robert Charles's, sacrum requiring debridement, antibiotic treatment, wound VAC, and narcotic pain treatment.

49.     There is only minimal documentation in the Defendants' records of a deep tissue injury in the Decedent's sacral area prior to the Decedent's, Robert Charles's, admission to Moses Taylor Hospital on January 7, 2016, despite hospital staff noting upon admission that the Decedent's pressure sores were infected and graded at Stage IV.

50.     Despite an absence of documentation, it is clear that the Decedent's, Robert Charles's, Stage IV sacral pressure ulcers upon admission to Moses Taylor Hospital on January 7, 2016 were present while he was a resident at Golden Living – Tunkhannock,

51.     The Decedent, Robert Charles, continued to be treated for his Stage IV sacral ulcer as an inpatient at Moses Taylor Hospital from January 7, 2016 through his discharge on March 11, 2016.

52.     The Discharge Summary pertaining to the Decedent, Robert

14

Charles, notes as follows:

> Stage IV sacral decubitus ulcer with cultures at times growing
> methicillin-resistant staphylococcus aureus, vancomycin-
> resistant enterococcus, and fungal [sic].  Treated only with
> debridement and local care with wound VAC.

53.     The Decedent, Robert Charles, was discharged to long term

acute care at Regional Hospital in Scranton, where he received wound care

until his death on May 17, 2016.

54.     Due to the Defendants' multiple deficiencies in the

documentation and treatment of the Decedent's, Robert Charles's, multiple

pressure ulcers, the Decedent, Robert Charles, required continuing care and

treatment for his skin ulcerations until he passed away on May 17, 2016 due

to respiratory arrest as a result of chronic respiratory failure status post

tracheostomy; sepsis secondary to left basilar airspace disease with pleural

effusion; and, end stage renal disease requiring hemodialysis.

55.     Due to multiple deficiencies in the documentation and treatment

of the Decedent's, Robert Charles's, sacral and heel pressure ulcers, the

Decedent's, Robert Charles's records upon admission to Moses Taylor

Hospital on January 7, 2016 indicate that the Decedent, Robert Charles, had

a severe, infected and painful Stage IV pressure ulceration on his sacral area.

56.     Despite the Decedent's critical condition and complaints of

severe pain as a result of his Stage IV sacral decubitus ulceration, the

Defendants failed to consistently assess, document, identify, address, or institute interventions of the Decedent's skin integrity for pressure ulcer prevention while the Decedent, Robert Charles, was in the Defendants' care.

57.     Despite the late stage of the Decedent's sacral ulceration, it was not until the Decedent, Robert Charles, was transferred out of the Defendants' care that his Stage IV sacral decubitus ulcer was observed and properly treated by the staff at Moses Taylor Hospital.

58.     As a result of the negligence and carelessness of the Defendants, the Decedent, Robert Charles, suffered the following severe injuries prior to his death:

      (a)     Stage IV sacral decubitus ulcer;

      (b)     MRSA;

      (c)     Vancomycin-resistant enterococcus;

      (d)     Fungal infection;

      (e)     Multiple wound debridements;

      (f)     Cellulitis;

      (g)     Fever; and,

      (h)     Mental status changes.

59.     As a result of the negligence and carelessness of the Defendants, the Decedent, Robert Charles, was forced to undergo extensive

16

medical care and treatment, including surgical wound debridement and ongoing wound care.

60. As a result of the carelessness and negligence of the Defendants, as set forth herein, the Decedent, Robert Charles, sustained severe, permanent, painful and disabling injuries in the months prior to his death.

61. As a result of the carelessness and negligence of the Defendants, as set forth herein, the Decedent, Robert Charles, was rendered sick, sore and disabled and suffered severe physical and mental pain and suffering prior to his death.

62. As a result of the carelessness and negligence of the Defendants, as set forth herein, the Decedent, Robert Charles, was required to seek substantial medical treatment at Moses Taylor Hospital, which said treatment was painful and for which medical bills were incurred. A claim is being made herein for said medical bills, which amounts will be proven through discovery.

63. The Decedent, Robert Charles, was not properly diagnosed with and treated for his Stage IV sacral decubitus ulcer until he was transferred to Moses Taylor Hospital on January 7, 2016.

64. Due to the advanced stage of the sacral decubitus ulcer as

reported by Moses Taylor Hospital on January 2, 2016, the ulcer should have been indicated as Stage IV by the Defendants and reported by the Defendants prior to the Decedent's critical condition upon admission to Moses Taylor Hospital.

WHEREFORE, the Plaintiff, Linda L. Charles, Administratrix of the Estate of Robert Charles, seeks judgment against the Defendants, GGNSC Tunkhannock, LP d/b/a Golden Living Center – Tunkhannock and GGNSC Tunkhannock GP, LLC, in an amount in excess of fifty thousand ($50,000.00) dollars, which said amount is in excess of the amount requiring compulsory arbitration pursuant to the applicable Statutes of the Commonwealth of Pennsylvania and the Luzerne County Local Rules of Court.

### COUNT I – NEGLIGENCE

### LINDA L. CHARLES, ADMINISTRATRIX OF THE ESTATE OF ROBERT CHARLES, DECEASED, V. GGNSC TUNKHANNOCK, LP d/b/a GOLDEN LIVING CENTER – TUNKHANNOCK AND GGNSC TUNKHANNOCK GP, LLC

65.    The Plaintiff, Linda L. Charles, Administratrix of the Estate of Robert Charles, Deceased, hereby incorporates by reference paragraphs 1 through 64, inclusive, as though the same were set forth at length herein.

66.    The injuries sustained by the Decedent, Robert Charles, were

18

proximately caused by the carelessness and negligence of the Defendants, individually and by and through their agents, servants and employees, including their nurses and nurses aides, which consisted of, *inter alia*, the following:

 (a) Failing to formulate, adopt and/or enforce adequate regulations and policies to ensure the prevention of decubitus ulcerations of patients under its care;

 (b) Failing to properly monitor the Decedent, Robert Charles, for changes in his integumentary system;

 (c) Failing to recognize status changes in the Decedent, Robert Charles, notably changes in his mobility, nutrition and integumentary system that led to his development of multiple decubitus ulcerations;

 (d) Failing to keep excoriated skin clean;

 (e) Failing to cleanse open wounds and pat dry;

 (f) Failing to mitigate moisture problems;

 (g) Allowing the Decedent to remain supine for long periods of time, thereby increasing pressure to his sacrum/buttocks;

 (h) Failing to perform hourly checks for incontinence care;

 (i) Failing to implement turning and repositioning protocol;

 (j) Failing to reposition the Decedent, Robert Charles, every

two hours;

   (k) Failing to perform weekly skin assessments;

   (l) Failing to consistently utilize interventions such as nutritional supplements, hydration support, thorough skincare including use of barrier cream, specialty mattress to reduce pressure;

   (m) Failing to monitor the Decedent's, Robert Charles's, limited mobility and failing to account for his mobility deficits in their integumentary system assessment;

   (n) Failing to properly assess and document the Decedent's, Robert Charles's, health status, which included, *inter alia*, diabetes, respiratory failure, peripheral neuropathy, heart failure, end stage renal disease, and presented, in combination with his limited mobility, a higher risk for pressure ulcers;

   (o) Failing to manage the Decedent's, Robert Charles's, condition to avoid a pressure ulcer from forming;

   (p) Failing to report the Decedent's deteriorating condition to the Decedent's Primary Care Physician so that he could receive appropriate treatment;

   (q) Failing to follow doctor's orders for turning and repositioning;

(r)     Failing to instruct on how to specifically prevent decubitus ulcerations from forming;

(s)     Allowing the Decedent's pressure ulcers to progress to a point where he required surgical wound debridement; and,

(t)     Utilizing a plastic bed alarm pad when contraindicated by the Decedent's limited mobility and compromised skin condition, the use of which increased pressure points to the Decedent's buttocks.

WHEREFORE, the Plaintiff, Linda L. Charles, Administratrix of the Estate of Robert Charles, seeks judgment against the Defendants, GGNSC Tunkhannock, LP d/b/a Golden Living Center – Tunkhannock and GGNSC Tunkhannock GP, LLC, in an amount in excess of fifty thousand ($50,000.00) dollars, which said amount is in excess of the amount requiring compulsory arbitration pursuant to the applicable Statutes of the Commonwealth of Pennsylvania and the Luzerne County Local Rules of Court.

Respectfully submitted,

ANZALONE LAW OFFICES

_____

Jamie J. Anzalone, Esquire
I.D. No. 202764

21

KELLY M. CIRAVOLO, ESQUIRE
I.D. No. 200565
Attorneys for Plaintiff

## VERIFICATION

I, LINDA L. CHARLES, Administratrix of the Estate of ROBERT

CHARLES, Plaintiff herein, certify that the statements contained in the

foregoing COMPLAINT are true and correct and are made subject to the

penalties of 18 Pa. C.S.A. Section 4904, relating to unsworn falsification to

authorities.

*Linda L. Charles*

LINDA L. CHARLES, Administratrix
of the Estate of ROBERT CHARLES